## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ROSCOE BELL and NICOL BELL,

     Plaintiffs,

v.                                  Case No. 3:20-cv-294-J-32MCR

WESLEY MIEDEMA,

     Defendant,

_____

## O R D E R

     This automobile case is before the Court on Defendant Wesley Miedema's Motion to Dismiss, (Doc. 12), to which Plaintiffs Roscoe Bell and Nicol Bell responded in opposition, (Doc. 13). Miedema's motion contends that the Bells lack standing and that a Georgia statute of limitations bars their personal injury claims. (Doc. 12 at 2–3).

### I.   **BACKGROUND[1]**

     The Bells' Complaint alleges that on March 25, 2017, Miedema, a resident of Vermont, and Roscoe Bell, a resident of Florida, were travelling in their respective motor vehicles on a highway in the state of Georgia. (Doc. 1 ¶¶ 3–5). While Roscoe Bell was driving on the interstate, Miedema rear-ended Roscoe

---

[1] The facts, assumed as true, are taken from the Complaint (Doc. 1).

Bell's vehicle. Id. ¶¶ 6–7. When Miedema crashed his vehicle into Roscoe Bell's, Miedema seriously injured Roscoe Bell, id. ¶¶ 8–9, and the injuries are likely to have a permanent and continuing impact on the lives of Roscoe Bell and his wife Nicol Bell, who is also a resident of Florida, id. ¶¶ 3, 9–11.

The Bells filed suit against Miedema on March 24, 2020, contending that Miedema drove his vehicle negligently, causing personal injury to Roscoe Bell and depriving Nicol Bell of Roscoe Bell's consortium. Id. at 2.[2]

## II.    ANALYSIS

Miedema seeks dismissal of the Bells' claims asserting that: Georgia law applies to the claims; that the Bells lack standing because Georgia's two-year statute of limitations for personal injury actions precludes the Bells' claims; and that the Court lacks subject matter jurisdiction over the claims because the

---

[2] The Court, on July 2, 2020, ordered the Bells to show cause as to why their suit should not be dismissed for their failure to timely demonstrate service of process. (Doc. 4). Plaintiffs promptly served Miedema on July 9, 2020, (Doc. 9), responded to the order to show cause, and moved for an extension of time to service process (Doc. 10). If the Court requires Plaintiffs to refile their claims, statutes of limitations may bar the claims—depending on the applicable law. Id. ¶¶ 5–7. In addition, Miedema has not raised any issues with regards to the timing of the service of the summons. Therefore, Plaintiffs' motion is granted, and the Court will exercise its discretion to extend the time for service of process to include July 9, 2020. See Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1131–33 (11th Cir. 2005) (holding that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause," such as where a "'statute of limitations would bar the refiled action").

Bells failed to file their personal injury claim within Georgia's two-year statute of limitations period. (Doc. 12 at 2–3, 6).

### a. Proving Article III Standing

The "'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it." Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020) (citing Lujan v. Defs. Of Wildlife, 504 U.S. 555, 560–61 (1992)). The party invoking the jurisdiction of a federal court bears the burden of establishing these elements. Lujan, 504 U.S. at 561. At the motion to dismiss stage, courts must evaluate standing based on the facts alleged in the complaint, Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001), and a party's burden is satisfied if it has alleged facts that plausibly establish standing, Trichell, 964 F.3d at 996; see also Lujan, 504 U.S. at 561 ("[O]n a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'").

Miedema argues that the Bells have not sufficiently proven that they have standing because the facts as alleged in the Complaint demonstrate that the Bells' action is time-barred under Georgia's statute of limitations governing personal injury claims. (Doc. 12 at 2–3). Miedema implies that as part of their burden to prove standing, Plaintiffs must demonstrate that the statute of

3

limitations relevant to their claims have not expired. However, "[a] statute of limitations bar is 'an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). Simply put, a potential statute of limitations defense does not negate a plaintiff's standing to bring a personal injury claim. And, Plaintiffs' complaint otherwise sufficiently alleges standing.

### b. Dismissal on Statute of Limitation Grounds

Courts generally treat a motion to dismiss on statute of limitations grounds "as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." Nghiem v. U.S. Dep't of Veteran Affairs, 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006); see, e.g., Pendarvis v. Helms, No. 8:04-cv-2261-T-27TGW, 2006 WL 2724901, at *2 (M.D. Fla. Sept. 22, 2006) ("Rule 12(b)(6) is the appropriate mechanism by which to dispose of a case on statute of limitations grounds."). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." La Grasta, 358 F.3d at 845. In deciding a motion to dismiss, courts must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).

Here, at least three states—Florida, where Plaintiffs reside, Georgia, where the collision took place, and Vermont, where Defendant allegedly resides[3]—may have a legitimate interest in the facts underlying this litigation, and these states' statutes of limitations for tort claims differ. Georgia's statute of limitations is two years for personal injury claims. GA. CODE ANN. § 9-3-33 (2015). Florida's statute of limitations for negligence actions is four years. FLA. STAT. § 95.11(3)(a) (2018); see also Elkins v. R.J. Reynolds Tobacco Co., 65 F. Supp. 3d 1333, 1337 (M.D. Fla. 2014). Vermont's statute of limitations for personal injury is three years. VT. STAT. § 512(4) (2020). If Georgia law is applicable, Roscoe Bell's personal injury claims would be time-barred; but if Florida or Vermont law is applicable, the claims would be timely filed. It is, therefore, necessary to undertake a choice-of-law analysis.[4]

A federal district court sitting in diversity must apply the choice-of-law rules of the forum state. Jeffers v. Kerzner Int'l Hotels Ltd., 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018) (citing Trumpet Vine Inv., N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110, 1115 (11th Cir. 1996)). Here, Florida is the forum

---

[3] In the Motion to Dismiss, Miedema claims that he is a resident of Michigan, not Vermont. (Doc. 12 ¶ 5). However, at this stage, the Court takes Plaintiffs' allegations as true.

[4] In the Motion to Dismiss, Miedema did not specifically address Nicol Bell's loss of consortium claim. The Court will require the parties to address the consortium claim in the summary judgment practice.

state, and Florida choice-of-law rules require the application of the local law of the state which, with respect to an issue in tort, has the most significant relationship to the occurrence and the parties under the principles stated in Section 6 of the Restatement (Second) of Conflicts of Laws. See Grupo Televisa, S.A. v. Telemundo Commc'n Group, Inc., 485 F.3d 1233, 1240 (11th Cir. 2007)). Florida's choice-of-law rules also provide that, when applying the principles established in Section 6 of the Restatement, courts should consider "'(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; (d) and the place where the relationship, if any, between the parties is centered.'" Howard v. Kerzner Int'l Ltd., No. 12-22184-civ, 2014 WL 714787, at *3 (S.D. Fla. Feb. 24, 2014). The Florida Supreme Court has clarified that "[t]he state where the injury occurred would, under most circumstances, be the decisive consideration in determining the applicable choice of law." Bishop v. Florida Specialty Paint Co., 389 So. 2d 999, 1001 (Fla. 1980); see, e.g., Jeffers, 319 F. Supp. 3d at 1271 (determining that Bahamian law applied to a negligence claim where the plaintiff slipped and fell in a hotel in The Bahamas); Jenkins v. Rockwood, 820 So. 2d 426, 427–28 (Fla. 4th DCA 2002) (ruling that Louisiana law was applicable where a Florida resident and a Pennsylvania resident were involved in a car accident in Louisiana).

As Miedema posits in the motion to dismiss, (Doc. 12 at 2–3, 6), the Complaint—filed almost three years after the collision—alleges facts that could support a finding that Georgia's two-year statute of limitations for personal injury actions is applicable, and that Roscoe Bell's claim is time-barred. Georgia is the state where Miedema allegedly crashed his vehicle into Roscoe Bell's, and where Roscoe Bell's injuries occurred or stem from. (Doc. 1 ¶¶ 5–11). Additionally, the Complaint does not reveal any prior contact or relationship between the parties up to, and until, their motor vehicles collided in Georgia. Id. The Court, however, is reluctant to rule on this potentially dispositive issue in the context of a motion to dismiss. It would be more appropriate for the Court to reach a conclusion as to whether Roscoe Bell's personal injury claim is time-barred after further development of the record; additional information could shift the balance of the choice-of-law analysis. Cf. AXA Pacific Ins. Co. v. Piper Aircraft Corp. Irrevocable Trust, No. 15-24792-cv-King/Torres, 2017 WL 1439936, at *2 (S.D. Fla. Jan. 25, 2017) (determining that it would be inappropriate to issue a definitive ruling on a motion to apply Canadian law because the Court was lacking information that could be outcome-determinative in the Court's choice-of-law analysis). Thus, the Court will convert the motion to dismiss Roscoe Bell's personal injury claim on statute of limitations grounds into a motion for summary judgment, grant the parties an opportunity to undertake limited discovery on the statute of limitations issue,

and then engage in summary judgment practice.[5] <u>See, e.g.</u>, <u>McEvoy v. Apollo Glob. Mgmt., LLC</u>, No. 3:17-cv-891-J-32MCR, 2020 WL 60132, at *5 (M.D. Fla. Jan. 6, 2020).

Accordingly, it is hereby

**ORDERED:**

1. Defendant Miedema's Motion to Dismiss (Doc. 12) is **DENIED** as to standing. Pursuant to Rule 12(d), the Court will convert the Motion to Dismiss as to the statute of limitations issue to a motion for summary judgment. In the summary judgment practice, the parties should also address whether Nicol Bell's loss of consortium claim would remain actionable, even if Roscoe Bell's claims are barred by the Georgia statute of limitations. The parties may undertake limited discovery on the statute of limitations issue. Discovery shall be completed by **November 6, 2020**.

2. No later than **November 25, 2020**, Defendant shall file a fully-documented motion for summary judgment on whether the personal injury claims are time-barred.

---

[5] Under Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

3. No later than **December 23, 2020**, Plaintiffs shall file a fully-documented response to Defendant's motion for summary judgment.

4. The Court stays the filing of Defendant's Answer and the filing of a joint Case Management Report until this issue is resolved.

**DONE AND ORDERED** in Jacksonville, Florida the 2nd day of September, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

tn
Copies:

Counsel of record