UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROSCOE BELL and NICOL BELL,

    Plaintiffs,

v.                                                            Case No. 3:20-cv-294-J-32MCR

WESLEY MIEDEMA,

    Defendant,

## **O R D E R**

The key inquiry in this automobile accident case is whether Roscoe Bell's personal injury claim and Nicol Bell's loss of consortium claim are time-barred. This case is before the Court on Defendant Wesley Miedema's Motion for Summary Judgment, to which Plaintiffs have filed a response.[1] (Docs. 15, 16). Miedema contends that Roscoe Bell and Nicol Bell lack standing, that the Court

---

[1] On September 2, 2020, the Court issued an order declaring that:

> Pursuant to Rule 12(d), the Court will convert the Motion to Dismiss as to the statute of limitations issue to a motion for summary judgment. In the summary judgment practice, the parties should also address whether Nicol Bell's loss of consortium claim would remain actionable, even if Roscoe Bell's claims are barred by the Georgia statute of limitations. The parties may undertake limited discovery on the statute of limitations issue.

(Doc. 14 at 8).

lacks subject matter jurisdiction, and that Georgia's statute of limitations applicable to personal injury claims bars Plaintiffs' claims. (Doc. 15).

I. **BACKGROUND**[2]

On March 25, 2017, while driving on a highway in Georgia, Miedema's vehicle crashed into Roscoe Bell's vehicle. (Doc. 16-1 at 2). Roscoe Bell was injured in the collision. He received medical treatment and incurred medical bills for his injuries in Florida. His car was also repaired in Florida. Id. at 3.

At the time of the accident, none of the parties resided in Georgia. Roscoe Bell resided, and continues to reside, in Florida with his wife Nicol Bell. (Doc. 16-1 at ¶¶ 4–5.). The parties dispute whether Miedema resided in Michigan or Vermont at the time of the accident.[3] (Docs. 16 at 5; 16-2 at ¶¶ 1–3; 15-5). In any case, Miedema did not live or work in Georgia at that time. (Doc. 16-2 at ¶¶ 8–9; 15-6 at ¶¶ 2–4). Roscoe Bell and Miedema were not in contact before the

---

[2] Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment should be granted "'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Estate of Todashev by Shibly v. United States, 815 F. App'x 446, 450 (11th Cir. 2020) (quoting Fed. R. Civ. P. 56(a)). Once the movant "demonstrat[es] the absence of a genuine issue of material fact, the nonmoving party must come forward with specific facts showing a genuine issue for trial." Johnson v. Unique Vacations, Inc., 498 F. App'x 892, 895 (11th Cir. 2012). The Court views the evidence in the light most favorable to the non-moving party. See Shibly, 815 F. App'x at 450.

[3] Miedema presently resides in Vermont. (Doc. 15-6 at ¶ 8).

2

collision; the collision is the only event that connects them. (Doc. 15-6 at ¶¶ 5–6).

Roscoe Bell and Nicol Bell filed suit against Miedema on March 24, 2020 alleging that Miedema drove his vehicle negligently, causing personal injury to Roscoe Bell and depriving Nicol Bell of Roscoe Bell's consortium. (Doc. 1 at 2).

## II.     DISCUSSION

### A. Article III Standing & Subject Matter Jurisdiction

Miedema's assertion that Roscoe Bell and Nicol Bell "lack standing and subject matter jurisdiction to bring this action" because the action is allegedly time-barred is misplaced. (Doc. 15 at 7–8). Miedema's statute of limitations defense does not negate the plaintiff's standing to bring a personal injury claim or the Court's subject matter jurisdiction over this dispute between diverse parties. (Doc. 14).

### B. The Applicable Statutes of Limitation

Miedema argues that Georgia's statute of limitations of two years for personal injury claims and four years for loss of consortium claims is applicable.[4] GA. CODE ANN. § 9-3-33 (2015). In contrast, Roscoe Bell and Nicol

---

[4] Georgia's statute of limitations provides that "actions for injuries to the person shall be brought within two years after the right of action accrues, . . . except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues." GA. CODE ANN. § 9-3-33 (2015). The statute accords with the fact that "Georgia law has long recognized the separate nature of the right of action for loss of consortium." Huddle v. Heindel, 821 S.E.2d 61, 68 (Ga. Ct. App. 2018) (internal quotation

3

Bell contend that Florida's statute of limitations of four years for negligence and derivative loss of consortium claims is applicable. FLA STAT. § 95.11(3)(a) (2018); see also Elkins v. R.J. Reynolds Tobacco Co., 65 F. Supp. 3d 1333, 1337 (M.D. Fla. 2014).

> i. Georgia's statute of limitations is applicable to Roscoe Bell's personal injury claim.

Under Georgia law, Roscoe Bell's personal injury claim would be time-barred, while under Florida law, the action would be timely filed. Given this conflict, a choice-of-law analysis is necessary to determine the applicable statute of limitations.

In torts actions, federal courts sitting in diversity in Florida employ Florida's "most significant relationship" test to resolve conflicts of law. See Grupo Televisa, S.A. v. Telemundo Commc'n Grp., Inc., 485 F.3d 1233, 1240 (11th Cir. 2007); see also Jeffers v. Kerzner Int'l Hotels Ltd., 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018) (explaining that a federal district court sitting in diversity must apply the choice-of-law rules of the forum state). This test requires an inquiry into which state has the most significant relationship to the injury at issue based on the principles stated in Section 6 of the Restatement

---

marks omitted); see also Davis v. Waller, No. 3:18-CV-134 (CAR), 2019 WL 2167408, at *3 ("A suit by a husband for personal injuries, and a suit by his wife for loss of consortium, are separate and distinct claims for relief[.]") (internal quotation marks omitted) (alteration in original).

(Second) of Conflicts of Laws. See Hendricks v. Smartvideo Tech., Inc., 511 F. Supp. 2d 1219, 1226 (M.D. Fla. 2007). Those principles are:

   a) the needs of the interstate and international systems,
   b) the relevant policies of the forum,
   c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
   d) the protection of justified expectations,
   e) the basic policies underlying the particular field of law,
   f) certainty, predictability and uniformity of result, and
   g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflicts of Laws § 6 (1971). When applying the Section 6 principles, courts also take into account "'(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and, (d) the place where the relationship, if any, between the parties is centered.'" Howard v. Kerzner Int'l Ltd., No. 12-22184-CIV, 2014 WL 714787, at *3 (S.D. Fla. Feb. 24, 2014) (quoting Restatement (Second) of Conflicts of Laws § 145(2)); see also Hendricks, 511 F. Supp. 2d at 1226. Under this approach, the law of the state where the injury occurred is commonly applicable. See Bishop v. Florida Specialty Paint Co., 389 So. 2d 999, 1001 (Fla. 1980*)*; see, e.g., Jeffers, 319 F. Supp. 3d at 1271 (determining that Bahamian law applied to a negligence claim where the plaintiff slipped and fell in a hotel in the Bahamas); see also Hinkle v. Continental Motors, Inc., No. 8:16-cv-2966-

5

T-36SPF, 2019 WL 6620467, at *6 (M.D. Fla. Jan. 14, 2019) ("In personal injury cases, the assumption is that the law of the place of injury governs. . . .").

Here, the Restatement principles support the application of Georgia law. Georgia is where Miedema's vehicle collided with Roscoe Bell's vehicle causing Roscoe Bell's alleged injuries. Georgia has a strong interest in regulating injurious conduct that takes place within its territory. See Restatement (Second) of Conflicts of Laws § 146. Georgia is also the place where Miedema and Roscoe Bell's relationship is centered as the parties had no contact before colliding. (Doc. 15-6 at ¶ 5). The parties did not reside in Georgia or the same state, so applying the law of the state where the injury and conduct took place best promotes predictability and uniformity of results and best advances the Section 6 principle of ease in the determination and application of the applicable law. See Jenkins v. Rockwood, 820 So. 2d 426, 427–28 (Fla. 4th DCA 2002) (ruling that Louisiana law was applicable where a Florida resident and a Pennsylvania resident were involved in a car accident in Louisiana). Thus, Georgia law applies, and under Georgia's statute of limitations, Roscoe Bell's personal injury claim is time-barred.[5]

---

[5] The present case is unlike the plane crash cases cited by Nicol Bell and Roscoe Bell in which the plaintiffs and defendants had more significant contacts with Florida than the states in which the plane crashes and injuries occurred. See, e.g., Bishop, 389 So. 2d at 1000–01 (reasoning that South Carolina law did not apply per se because, although the plane crashed in South Carolina, the flight was to begin and end in Florida, the parties were Florida residents, and

    ii. <u>Nicol Bell's loss of consortium claim is viable under both Florida law and Georgia law. Ultimately, Florida law applies to the claim.</u>

Under the statutes of limitations of Georgia and Florida, individuals have four years to file suit for loss of consortium, and thus, Nicol Bell timely filed her claim. Her husband was injured in the car accident on March 25, 2017, and she filed her claim on March 24, 2020. (Doc. 1). In addition, under both Georgia and Florida law, Nicol Bell's loss of consortium claim may proceed despite Roscoe Bell's personal injury claim being time-barred. Loss of consortium is an independent claim under Georgia law, and thus "the fact that the statute of limitation has run on the underlying claim is of no consequence to the viability of [a] derivative loss of consortium claim[.]" <u>Huddle v. Heindel</u>, 821 S.E.2d 61, 68 (Ga. Ct. App. 2018) (internal quotation marks omitted); <u>see, e.g.</u>, <u>Deems v. Colgate-Palmolive Co.</u>, No. 4:19-CV-00105-HLM, 2019 WL 9633222, at *4 n.7 (N.D. Ga. Oct. 22, 2019) (determining that Georgia law afforded plaintiff the right to file a loss-of-consortium claim although the plaintiff's negligence claim was time-barred by Georgia's two-year statute of limitations for personal-injury actions); <u>see also</u> <u>Epps v. Hin</u>, 565 S.E.2d 577, 578 (Ga. Ct. App. 2002) ("The

---

the parties' relationship arose in Florida); <u>Proprietors Ins. Co. v. Valsecchi</u>, 435 So. 2d 290, 292, 295 (Fla. 3d DCA 1983) (declining to apply North Carolina law where a plane crashed in North Carolina killing three Florida residents, all relevant parties to the case resided in Florida, and the flight was to begin and end in Florida).

running of the limitation period on a personal injury claim does not bar a derivative claim for loss of consortium.").

Similarly, Florida state courts have held that "[w]hile spousal consortium claims are derivative in nature, they are nevertheless separate and distinct causes of actions. . . , [and] [a]s separate causes of action, loss of consortium claims must be 'timely' in their own right for purposes of the statute of limitations." Castro v. Linfante, No. 3D19-2136, 2020 WL 4197363, at *2 (Fla. 3d DCA Jul. 22, 2020) (internal citations omitted); see also Philip Morris USA Inc. v. McCall, 234 So. 3d 4, 12 (Fla. 4th DCA 2017) ("Loss of consortium claims, while derivative causes of action based on the injury of the claimant's spouse, are nevertheless separate and distinct causes of actions belonging solely to the claimant.") (internal citations omitted); Randall v. Walt Disney World Co., 140 So. 3d 1118, 1121 (Fla. 5th DCA 2014) ("Florida case law recognizes that loss-of-consortium is a separate cause of action belonging to the spouse of the injured married partner, and though derivative in the sense of being occasioned by injury to the spouse, it is a direct injury to the spouse who has lost the consortium.") (internal quotation marks omitted). Therefore, Miedema's motion for summary judgment as to Nicol Bell's loss of consortium claim is due to be denied.

In proceeding with the loss of consortium claim, applying the most significant relationship test, Florida law is applicable. Roscoe Bell and Nicol

8

Bell's marriage relationship exists in Florida, where they reside, and the alleged loss "of the services, society, companionship, support and consortium of her husband" has occurred primarily in Florida. See (Doc. 1 at ¶ 11); Avis Rent-A-Car Sys., Inc. v. Abrahantes, 559 So. 2d 1262, 1264 (Fla. 3d DCA 1990) ("Claims for loss of consortium are governed by the law of the state where the marriage is domiciled, rather than by the law of the state where the injury occurred."); Ryder Truck Rental, Inc. v. Rosenberger, 699 So. 2d 713, 716 (Fla. 3d DCA 1997) (explaining that Florida courts have reasoned in loss of consortium cases that the state where a marriage is domiciled has a greater interest in the marital status than the state where a spouse suffered a personal injury); see also Paxton v. Washington Hosp. Ctr. Corp., 991 F. Supp. 2d 29, 32 (D.D.C. 2013) ("[T]he District of Columbia applies the law of the state where the marriage is domiciled . . . because that state has a significant governmental interest in regulating the legal rights of [its] married couples.") (internal citations and quotation marks omitted); LaFlamme v. Safeway Inc., No. 3:09–CV–514–ECR–VPC, 2010 WL 5071275, at *4–5 (D. Nev. Dec. 3, 2010) (concluding that Nevada, where the plaintiffs resided, had the most significant connection to the injury to plaintiffs' relationship). Additionally, Florida has a stronger interest than Georgia in protecting the marriage relations of Florida residents. See Avis Rent-A-Car, 559 So. 2d at 1264.

9

On the merits, Nicol Bell can recover for loss of consortium if she can show that Roscoe Bell could have recovered for his personal injury claim had it not been time-barred. Cf. Resmondo v. Int'l Builders of Fla., Inc., 265 So. 2d 72, 73–74 (Fla. 1st DCA 1972) (holding that a consent judgment entered in favor of the plaintiff's spouse did not abate plaintiff's loss of consortium cause of action, and stating that the " [plaintiff]'s claim is actionable against the same defendant; however, under the stated facts, upon trial, she must not only prove the damages sustained by her for loss of consortium but must also prove the negligence of the alleged tort-feasor and the lack of contributory negligence on the part of [her spouse]."); Peterson v. Sun State Int'l Trucks, LLC, 56 So. 3d 840, 842 (Fla. 2d DCA 2011) (explaining that for a plaintiff to prevail on a claim for loss of consortium, it must be established that the plaintiff's spouse sustained injuries as a result of the tortious actions of the defendant).

Accordingly, it is hereby

**ORDERED:**

1. Defendant Miedema's Motion for Summary Judgment (Doc. 15) is **GRANTED** as to Roscoe Bell's personal injury claim and **DENIED** as to Nicol Bell's loss of consortium claim.

2. Defendant Miedema shall file his Answer no later than **March 1, 2021**.

3. The parties shall file a joint Case Management Report no later than **March 1, 2021**.

4. The Clerk shall withhold entry of judgment on Roscoe Bell's personal injury claim until the case concludes.

**DONE AND ORDERED** in Jacksonville, Florida the 29th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

tn
Copies:
Counsel of record

11